### EXCELSIOR COAL CO. v. OREGON IMP. CO.[1]

(Circuit Court of Appeals, Ninth Circuit. June 27, 1895.)

#### No. 196.

INFRINGEMENT OF PATENTS—COAL SCREENS AND CHUTES.

The Roberts reissue, No. 7,341, for an improvement in coal screens and chutes, consisting principally in a reservoir between the receiving hopper and the delivery chute, *held* not infringed by an apparatus which has no reservoir, but uses a gate near the end of the chute by which the flow of the coal can be controlled. Black Diamond Coal Min. Co. v. Excelsior Coal Co., 15 Sup. Ct. 482, 156 U. S. 611, followed.

Appeal from the Circuit Court of the United States for the Northern District of California.

This was a bill in equity by the Excelsior Coal Company against the Oregon Improvement Company for alleged infringement of reissued patent No. 7,341, dated October 10, 1876, to Martin R. Roberts, for an "improvement in coal screens and chutes." The circuit court dismissed the bill, and complainant appeals.

John L. Boone, for appellant.
Sydney V. Smith, for appellee.

Before GILBERT, Circuit Judge, and KNOWLES and BELLINGER, District Judges.

BELLINGER, District Judge. This is a suit to enjoin the infringement of a patent for an improvement in coal screens and chutes. The court, in the decree appealed from, refused to grant the relief prayed for and dismissed the bill of complaint. The improvement, styled by the parties an "apparatus," consists of a receiving hopper, a reservoir, a screen, and a chute, so arranged in a portable machine that coal can be continuously dumped into the hopper from a swinging tub, while at the same time it is delivered screened into carts from the chute. The especial feature of the apparatus, which permits this to be done, is the interposition of a reservoir between the receiving hopper and the delivery chute. It is the employment of this reservoir that enables the machine to "accomplish the new operation, mode, result, and effect." The respondent's apparatus is a large, stationary machine, composed of long V-shaped hoppers, with gates at the lower side at intervals,

[1] Rehearing pending.

which open into chutes with screen bottoms. About six feet from the ends of the chutes a board is inserted, forming a gate which can be raised and lowered at either end, and by means of which the flow of coal through the chutes is checked and controlled.

Since the arguments of this case, the supreme court of the United States, in Black Diamond Coal Min. Co. v. Excelsior Coal Co., 156 U. S. 611, 15 Sup. Ct. 482, held that the use of the respondent's hopper and screening device did not involve an infringement of the Excelsior Company's patent, "if for no other reason, because it lacked the reservoir" of that patent. That decision in effect disposes of this case. The decree appealed from, dismissing the complainant's bill of complaint, is affirmed.