### EXCELSIOR COAL CO. v. OREGON IMP. CO.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1897.)

#### No. 196.

PATENTS—INFRINGEMENT—COAL SCREENS.

The Roberts reissue, No. 7,341, for an improvement in coal screens and chutes, is not infringed by an apparatus lacking the reservoir which is the principal feature of the Roberts patent, and controlling the flow of coal only by the use of gates at the upper and lower ends of the chute. Excelsior Coal Co. v. Oregon Imp. Co., 16 C. C. A. 219, 69 Fed. 246, reaffirmed.

Appeal from the Circuit Court of the United States for the Northern District of California.

John L. Boone, for appellant.

Sydney V. Smith, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. After a rehearing of this cause, we have no doubt that the former decree of this court affirming the decree of the circuit court in dismissing the complainant's bill, reported in 16 C. C. A. 219, 69 Fed. 246, was correct. Our conclusion at that time was based upon the decision of the supreme court

in the case of Black Diamond Coal Min. Co. v. Excelsior Coal Co., 156 U. S. 611, 15 Sup. Ct. 482. The complainant's patent is for an improvement in coal screens and chutes. It consists in the combination of a receiving hopper, with a reservoir, a screen, and a chute, so arranged in a portable machine that coal may be continuously dumped into the hopper from a swinging tub as it is unladen from the vessel, or otherwise, while at the same time it is delivered screened in carts from the chute. The principal feature of the patent is the reservoir, O. The reservoir is directly below the hopper and at the top of the chute, or rather it is an enlargement of the upper end of the chute. In the patent it is said that the function of the reservoir is that of "a store room, so that, in case of temporary delay in the vehicle carrying the coal to the yards, the work of unloading the ship or other vessel can proceed without the necessity of piling the coal upon the wharf." In the case of Black Diamond Coal Min. Co. v. Excelsior Coal Co., above referred to, the coal screen which was used by the Black Diamond Company differed from the appellee's device in this case only in the fact that it had but one gate in the chute, while the appellee's has two. The supreme court, in the opinion in that case, referring to the patent, said:

"If there be any invention at all, then, in the combinations specified in the third and fourth claims, it is in the introduction of the reservoir, O, beneath the hopper, which is really an enlargement of the chute, for the purpose of affording a lodgment for the coal until it is drawn off for use. Great stress was laid by plaintiff's counsel upon this feature of the invention, but, even conceding it to be patentable, there is nothing corresponding to it in the defendant's machine. On the contrary, the coal falls through a square opening in the bottom of the hopper directly upon the chute, where it is detained by a gate, which is kept closed until the coal is withdrawn. It is evident that the hopper itself is substantially the only reservoir, although a small amount of coal is necessarily detained in the upper part of the chute until the gate is raised. The chute is nowhere enlarged to form a reservoir."

The gates in the appellee's screen are placed, the one at the top of the chute, and the other near its lower end. If there is no reservoir in the Black Diamond Company's chute, it necessarily follows that there is none in that of the appellee. The presence of two gates in the appellee's chute, as the same are used, cannot create a reservoir corresponding to that of the patent. Both gates must be opened in order to permit the outflow of coal. The appellee's chute is not enlarged so as to furnish a reservoir. It is but a means of outlet from the hopper, which is the only reservoir, and it is not itself a storage place for coal. There is clearly no infringement. The decree of the circuit court will be affirmed, with costs to the appellee, as before ordered.